IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARNELL JAMES,

    Plaintiff,

v.                                                                   No. CV 13-0617 KG/WPL

STATE OF NEW MEXICO, PAROLE DIVISION, ET AL.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    Darnell James filed a 28 U.S.C. § 1983 prisoner's civil rights complaint on July 3, 2013. (Doc. 1.) About one month later, the case was reassigned to a new presiding judge. (Doc. 3.) Notice of the reassignment was sent to the address provided in the complaint, but the notice was returned as undeliverable. (Doc. 4.) Pursuant to D.N.M.LR-Civ 83.6, "All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses . . . ." On September 30, 2013, I ordered James to file with the Court within fourteen days his new address or otherwise show cause why his complaint should not be dismissed. (Doc. 6.) I entered a second Order to Show Cause on December 4, 2013, providing James with an additional fourteen days to file a response with his new address. (Doc. 7.) James has failed to file a document with the Court with his new address. His noncompliance with the Court's local rules demonstrates a manifest lack of interest in litigating his claims. *See Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Oklahoma Publ'g Co. v. Powell*, No. 78-1856, 1980 WL 6687, at *2 (10th Cir. Mar. 7, 1980).

Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The Tenth Circuit has held that a district court may dismiss a case sua sponte pursuant to Rule 41(b). *Hawkinson v. Montoya*, 283 F. App'x 659, *662 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). Before dismissing a case sua sponte, a Court must consider several factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

James has been alerted through two Orders to Show Cause that his case may be dismissed if he fails to provide his new address. (Docs. 6, 7.) He has not filed any document with the Court since July 3, 2013. (*See* Docs. 1, 2.) James's failure to provide his address is interfering with the Court's ability to serve documents and to continue proceedings in this case. Lesser sanctions will not be useful, as this case is not proceeding forward. Furthermore, the defendants will not be prejudiced by the dismissal of this case and a possible later refiling, as they have not yet been served.

For the foregoing reasons, I recommend that the Court DISMISS this case without prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                                         William P. Lynch
                                                         United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.